FILED'11 MAR 10 14:38USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDNA LUM, Personal Representative
Of the Estate of Thomas T. Lum,

    Plaintiff,                    Civ. No. 09-3075-CL

    v.                            **ORDER**

CITY OF GRANTS PASS, a
municipal Corporation, and G.
DEAN RIDENOUR,

    Defendants.

**PANNER, District Judge**:

    On January 6, 2011, Magistrate Judge Mark D. Clarke filed a Report and Recommendation (#49), and the matter is now before this court. See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Plaintiff filed objections, defendants filed a response to plaintiff's objections, and I have reviewed the file of this case de novo. 28 U.S.C. § 636(b)(1)(c); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error in the report.

1 - ORDER

## DISCUSSION

### I. PLAINTIFF'S 42 U.S.C. § 1983 CLAIM

Plaintiff first argues the report erroneously justified Officer Ridenour's warrantless entry into the hotel room at issue based on what Ridenour discovered after entering the room. Plaintiff's objection is meritless.

The undisputed evidence demonstrates that John Whelan called 911 from the motel room to report an emergency. (Guion Aff., 2.) Whelan told the operator a 50-year-old man was thrashing around with his eyes rolling back in his head. (Id.) During this call, the 911 operator hear a female yelling in the background. (Id.)(Lum Aff., ¶ 3.) Due to the potential safety issue, the operator dispatched a police officer to the scene along with the paramedics. (Guion Aff., 2.) Upon dispatching Ridenour to the motel, the police dispatcher relayed the above information to Ridenour. (Ridenour Aff., 2.)

When Whelan opened the motel door to see if the ambulance arrived, Ridenour was standing outside the room. (Lum Aff., ¶ 4.) Ridenour, still standing outside, looked around. (Id.) After Carolyn Lum yelled at Ridenour, Ridenour entered the room to investigate and make sure the paramedics could safely enter the room to attend the Thomas Lum.

Magistrate Judge Clarke relied on the above evidence in reaching his conclusion. (Report and Recommendation, 23.) Considering the above, all of which Ridenour knew prior to entering the room, Ridenour certainly had an objectively

reasonable basis for concluding that there was an immediate need to enter the room in order to protect another. See <u>United States v. Snipe</u>, 515 F.3d 947, 953 (9th Cir. 2008). Alternately, as noted by Magistrate Judge Clarke, it was objectively reasonable, given what Ridenour knew at the time, for Ridenour to enter the room to ensure the safety of the emergency medical personnel who entered to attend to Thomas Lum.

Plaintiff next argues Magistrate Judge Clarke erred in concluding Ridenour did not "seize" Thomas Lum under the Fourth Amendment. While plaintiff focuses on whether Thomas Lum would have felt free to leave the room, this argument overlooks the undisputed fact that the situation here was an emergency. Because "the ultimate touchstone of the Fourth Amendment is 'reasonableness,'" the proper analysis here is whether Ridenour's actions were unreasonable under the circumstances. <u>Brigham City, Utah v. Stuart</u>, 547 U.S. 398, 403 (2006). Under the Fourth Amendment, an action is "reasonable" if the circumstances, viewed objectively, justify the officer's action. <u>Id.</u> at 404.

The undisputed evidence demonstrates that Thomas Lum thrashed and/or violently convulsed while on the bed. (Lum. Aff., ¶ 3, Thomas Lum, while fighting to breathe, swung his arms and Carolyn Lum could not hold him.)(Lum. Aff. ¶ 4, "the paramedics started shouting at Tom to stop resisting and pinned his arms down.")(DeLonge Aff., #22, 2, Thomas Lum "thrashed around," made "combative movements," and would not respond or follow commands.) These convulsions hampered the paramedics' efforts to attend to

3 - ORDER

Mr. Lum. (DeLonge Aff., #22, 2, "It took four people, including Corporal Ridenour, to hold Mr. Lum down so that ambulance responders could check Mr. Lum's vitals and his blood sugar level.") Given the circumstances, the fact that Ridenour attempted to restrain Thomas Lum by pinning down his arms to enable the paramedics to work is not unreasonable, and does not trigger the Fourth Amendment.

Although Thomas Lum did not have drugs in his system, the undisputed evidence demonstrates Mr. Lum demonstrated symptoms of drug use. (Sept. 7 2010 DeLonge Aff., 2.) Given this evidence, the fact that Ridenour shook an unresponsive Thomas Lum and yelled, "What's wrong with you?" and "are you on something?" is not unreasonable.

Taking all the circumstances into account, this was an emergency situation with a difficult-to-attend-to patient. No reasonable juror could conclude Ridenour's actions here were unreasonable. Magistrate Judge Clarke correctly concluded that Ridenour did not violate Mr. Lum's Fourth Amendment rights.

## II. PLAINTIFF'S NEGLIGENCE CLAIM

Plaintiff argues there exists a general dispute of material fact on the issue of whether the alleged delay - apparently due to Ridenour's drug-related investigation - in transporting Thomas Lum to the hospital begin caused Lum's death. Much of this argument centers on the affidavit of Dr. Hill, submitted with defendant's reply. Dr. Hill's affidavit stated that Thomas Lum "received the same or better treatment from the emergency responders than the

treatment he would have received had he been in a hospital. Mr. Lum's death could not have been prevented." (Hull Aff., 4.) Plaintiff argues that because this affidavit first appeared in defendant's reply, plaintiff had no reason or obligation to contest it.

Magistrate Judge Clarke, however, already heard plaintiff's argument on this issue. Judge Clarke granted plaintiff leave to file supplemental authority. Although plaintiff filed additional case law, plaintiff failed to present additional evidence demonstrating a genuine issue of material fact on the issue of whether defendants caused Mr. Lum's death. At this point, nearly six months after defendant's submitted Dr. Hall's affidavit, plaintiff has objected to the affidavit but provided no conflicting evidence. I agree with Judge Clarke that "plaintiff has done little more than suggest the possibility that Mr. Lum might have survived had he received different or more timely care, without offering any factual support to substantiate that claim." (Report and Recommendation, 15.)

Plaintiff also appears to object to Judge Clarke's decision to exercise supplemental jurisdiction over plaintiff's negligence claim. This decision, however, was clearly within Judge Clarke's discretion. See Munger v. City of Glasgow Police Dep't., 227 F.3d 1082, 1088 n.4 (9th Cir. 2000)(no abuse of discretion to decline to dismiss state law claims where negligence claims were based on same factual allegations as federal claims and court was familiar with the record).

5 - ORDER

**CONCLUSION**

Magistrate Judge Clarke's Report and Recommendation (#49) is adopted. Defendants' motion for summary judgment (#17) is GRANTED.

IT IS SO ORDERED.

DATED this 10 day of March, 2011.

*Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE